IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTONIO MILLER,

    Plaintiff,

v.                                              CASE NO. 1:13-cv-198-MP-GRJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion To Remand.  (Doc. 17.) Defendant requests the Court to reverse the decision of the administrative law judge and remand this case to the Commissioner for further proceedings.  Pursuant to Local Rule 7.1(B), counsel for Defendant represents that he has conferred with counsel for Plaintiff and Plaintiff does not object to the relief requested.

Defendant has moved to remand this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) which provides that:

> The court shall have power to enter, upon the pleadings and transcript of
> the record, a judgment affirming, modifying or reversing the decision of
> the Commissioner of Social Security, with or without remanding the cause
> for a rehearing.

The Commissioner advises that agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision.  After reviewing the Commissioner's decision the Appeals Council determined that remand was appropriate for further consideration of Plaintiff's claim.  Therefore, following a

careful review of the record and filings, the Court agrees with the Commissioner that it is appropriate to remand this matter to the Commissioner.

In light of the foregoing it is respectfully **RECOMMENDED** that:

1. Defendant's Motion To Remand (Doc. 17) should be **GRANTED**, and this action should be **REVERSED and REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand the Appeals Council should vacate the May 1, 2012 decision and direct the administrative law judge to reevaluate Plaintiff's impairments in a manner consistent with 20 C.F.R. § 416.994 (2013), the provision for determining whether a disability continues or ends. The Appeals Council also should direct the ALJ to provide Plaintiff with an opportunity to submit additional evidence. After evaluating the evidence, the ALJ should issue a de novo decision regarding Plaintiff's continuing disability.

3. The Clerk should be directed to enter final judgment accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS**, at Gainesville, Florida, this 23rd day of May 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No: 1:13-cv-198-MP-GRJ